# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WENTWORTH,<br><br>                 Plaintiff,<br><br>   v.<br><br>SOUTHWEST AIRLINES HQ,<br><br>                 Defendant. | Case No. 21-cv-00702-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2); AND**<br><br>**(2) DISMISSING COMPLAINT UNDER RULE 8 AND FOR FAILURE TO STATE A CLAIM** |

      On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

      This lawsuit is one of the several cases that the Court did not consolidate. Whereas most of the defendants in the consolidated cases appear to work for Ms. Wentworth's children's school district or other governmental entities, the defendant in this case is

Southwest Airlines. For the following reasons, the Court grants Ms. Wentworth's Motion to Proceed *In Forma Pauperis* and dismisses the Complaint because it does not state a claim.

## I. Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis* ("IFP")—without paying the filing fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Having read and considered Ms. Wentworth's application, the Court finds that she meets the requirements in 28 U.S.C. § 1915 for IFP status. Ms. Wentworth says she and her two dependent children are homeless, and she provides only a P.O. Box address. (IFP Motion ¶¶ 8, 11, ECF No. 2.) She lists no employment income or financial assets. (*Id.* ¶ 4.) Under these circumstances, the Court finds that requiring Ms. Wentworth to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Therefore, the Court **GRANTS** Ms. Wentworth's request to proceed without paying the filing fee (ECF No. 2).

## II.     Screening of Complaint

### A.     Rule 8

Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the basis for the court's jurisdiction, a short and plain statement of the legal claims being asserted, and a demand for judgment for the relief sought.  Rule 8(d)(1) requires each allegation to be "simple, concise, and direct."  Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  This rule "applies to good claims as well as bad," and it is a reason for dismissing a complaint that is independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

### B.     Failure to State a Claim

A complaint filed by a plaintiff proceeding IFP is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).  This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground—a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at

679.  The "mere possibility of misconduct" falls short of meeting this plausibility standard.  *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  *Id.*

If a *pro se* complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Rosati*, 791 F.3d at 1039 (quoting *Akhtar*, 698 F.3d at 1212).

### C.   Plaintiff's Allegations

Ms. Wentworth seeks to sue Southwest Airlines.  (Compl. 2, ECF No. 1.)  She alleges the grounds for jurisdiction are the Civil Rights Act of 1964 and California's Unruh Civil Rights Act.  (*Id.* 3.)  Her Complaint is on a form that includes a "Statement of Claim" section for writing "a short and plain statement of [each] claim."  (*Id.* 4.)  Under this section, Ms. Wentworth lists "simple battery" and again lists the Civil Rights Act of 1964 and California's Unruh Civil Rights Act.  (*Id.*)  She does not include the requested "short and plain statement of the claim," which should state how Southwest Airlines was involved and what Southwest Airlines "did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct."  (*Id.*)  For relief, Ms. Wentworth seeks $100,000.  (*Id.*)  There are no attachments to the form Complaint.

### D. Analysis

Having reviewed Ms. Wentworth's Complaint, it does not comply with Rule 8 and does not state any claim upon which relief may be granted. Even when the Complaint is liberally construed, Ms. Wentworth does not provide a simple, concise narrative that sets forth the actions and injuries attributed to Southwest Airlines. Ms. Wentworth lists several laws or theories of recovery for her "Statement of Claim," but that is not enough. (Compl. 4.) The Court needs a simple statement of Ms. Wentworth's claims to begin to analyze whether it has jurisdiction and whether any claims can proceed. Therefore, the Court dismisses Ms. Wentworth's Complaint with leave to amend under Rule 8 and U.S.C. § 1915(e)(2)(ii). *See, e.g.*, *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint that "did not allege sufficient facts or jurisdictional basis for any federal claim for relief").

### III. CONCLUSION

For the reasons above, the Court grants Ms. Wentworth's Motion to Proceed IFP (ECF No. 2). The Court also dismisses the Complaint without prejudice. To proceed with this case, Ms. Wentworth must file an amended complaint by **September 3, 2021**. If Ms. Wentworth files an amended complaint, it will supersede the current complaint. *Lacey v. Maricopa Cty*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its own—without reference to the prior pleading. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, Ms. Wentworth must assert each claim and allege Defendant's involvement in sufficient detail to allow the Court to determine whether the case can proceed. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number: No. 21-cv-00702-BAS-AGS. If Ms. Wentworth does not file an amended complaint, the Clerk of Court is directed to close this action without further order.

**IT IS SO ORDERED.**

**DATED: August 6, 2021**

Hon. Cynthia Bashant
United States District Judge